IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JUAN LUIS YEFFERSON,

    Petitioner,　　　　　　　　　　　　　　　　OPINION AND ORDER

v.　　　　　　　　　　　　　　　　　　　　　　　25-cv-350-wmc

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

    Respondent.

_____

    Petitioner Juan Luis Yefferson is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Yefferson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking relief from an order of removal entered against him by the Bureau of Immigration and Customs Enforcement ("ICE") officials with the United States Department of Homeland Security that has resulted in the denial of time credits towards his sentence. (Dkt. #1). The petition must be dismissed for the reasons explained below.

OPINION

    A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the

United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner, a citizen of the Dominican Republic, is presently incarcerated as the result of a federal conviction for conspiracy to distribute and possession with intent to distribute five kilograms of more of cocaine while aboard a vessel in violation of 46 U.S.C. §§ 70503(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). He received a sentence of 84 months' imprisonment followed by a 5-year term of supervised release in that case. *See United States v. Juan Luis Yefferson*, No. 8:21-cr-161 (M.D. Fla. Nov. 23, 2021). His projected release date is April 13, 2027.

In a federal habeas corpus petition dated April 24, 2025, petitioner seeks relief from an order of removal entered against him by ICE. (Dkt. #1, at 1.) Petitioner complains that, as a result of the removal order, prison officials have denied him earned time credits under the First Step Act ("FSA"). Petitioner's claim that he has been wrongfully denied FSA time credits was rejected previously in a separate federal habeas proceeding. *See Yefferson v. Warden FCI-Oxford*, Case No. 24-cv-93-wmc (W.D. Wis. Nov. 22, 2024) (Dkt. #20). The court takes judicial notice of documents submitted in that proceeding, showing that petitioner was found inadmissible and an expedited order of removal was entered against him under Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1), on August 6, 2023. (Case No. 24-cv-93-wmc (dkt. #14-5).) That order is signed by a deportation officer and a supervisory official. (*Id.*) The Department of Homeland Security has issued a detainer against petitioner to effect his deportation. (Case No. 24-cv-93-wmc (dkt. #14-6).)

To the extent that petitioner seeks relief from the order of removal entered against him, it is well established that district courts do not have subject matter jurisdiction to consider such issues under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). This statute makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive means* of judicial review" for orders of removal. 8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders"). As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam). Accordingly, the petition must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Juan Luis Yefferson (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 12th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3